IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. SMITH,

                Petitioner,                      ORDER

v.                                        06-cv-375-bbc

GREGORY GRAMS,

                Respondent.

---

On May 15, 2009, the United States Court of Appeals for the Seventh Circuit entered an opinion and order reversing Judge Shabaz's March 28, 2007 judgment dismissing petitioner's petition for a writ of habeas corpus and remanding the case with instructions. Consistent with that opinion, on June 11, 2009, I granted petitioner's petition for a writ of habeas corpus, ordering his release unless the state elected to retry him within 120 days. Judgment was entered on July 7, 2009.

On June 24, 2009, petitioner filed a motion for summary judgment. I did not address this motion because his petition for a writ of habeas corpus had been granted, making any motion for summary judgment moot. Now petitioner has filed a notice of appeal, a request to proceed in forma pauperis on appeal and a request for a certificate of appealability. It appears that petitioner is appealing this court's failure to address his motion for summary judgment.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id.; see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Having reviewed his summary judgment motion a second time in light of petitioner's notice of appeal, it appears that I misunderstood the basis for the motion. Although petitioner's pleadings are not completely clear, it appears that he wants this court to prevent his retrial and order his immediate release because his prosecution for armed robbery, which this petition challenges, violated the double jeopardy clause. According to petitioner, he had already been tried for robbery.

Petitioner raised this claim in his habeas petition, but Judge Shabaz found that the claim was procedurally barred because petitioner had not presented it to the Wisconsin Court of Appeals. Mem. and Order, Mar. 28, 2007, dkt. #28, at 2-3. On appeal, the Court of Appeals for the Seventh Circuit did not disturb this portion of the court's order, remanding the case on the sole ground that petitioner had not executed a valid waiver of his right to counsel at trial. Thus, Judge Shabaz's order dismissing the double jeopardy claim stands as the law of the case and may not be litigated anew simply because petitioner's case

was remanded on other grounds. United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996) ("If the [court of appeals'] opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error."). That said, by virtue of the writ being granted, petitioner's criminal proceedings are essentially beginning anew in state circuit court. Petitioner can make his double jeopardy argument in that forum. Because his motion for summary judgment is frivolous, it would have been denied. It follows that his request for a certificate of appealability to appeal the denial of that motion must be denied as well.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. Petitioner's petition for a writ of habeas corpus was granted and he can raise his double jeopardy claim in state court. In light of this, no reasonable person could suppose petitioner's appeal has any merit.

Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for summary judgment (dkt. #42) is DENIED.

2. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 20th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge